## Lichtman v. Lipoff

*Wexler, Mulder & Weisman*, for plaintiff.
*Richman & Richman*, for defendant.

ALESSANDRONI, P. J., February 20, 1957.—Plaintiffs filed a motion under rule 4019 for an order that defendant and one Harry Dresnin be ordered to answer several questions which on advice of counsel they did not answer, under penalty of contempt; the motion requests that the court impose sanctions. Defendant has also filed a motion; defendant's motion is under Pa. R. C. P. 4009 for the inspection of documents.

This action in assumpsit was instituted by a writ of summons; defendant and one Harry Dresnin were summoned for oral depositions. The two witnesses were directed by counsel not to answer certain questions referring to the status and affairs of the Wildwood Packing Company. On November 14, 1956, plaintiffs filed a complaint in assumpsit based on a book account for goods sold and delivered to defendant. Defendant on November 23, 1956, filed a motion on plaintiffs to produce documents for inspection under rule 4009. Thereafter, plaintiffs' motion for an order and sanctions under the provisions of rule 4019 was filed. Part of the chronology is set forth because it is of some importance.

We turn first to the refusal of the witnesses to answer the questions propounded. Counsel ordered the witnesses not to answer the questions asked on the ground that the questions were irrelevant. Counsel for plaintiffs indicated that he was seeking information so as to be able to refute defendant's anticipated defense.

Rule 4007(a) prescribes two criteria for determining into what matters inquiry may be had on oral deposition, relevancy and substantial aid in the prep-

aration of the pleadings or the preparation or trial of the case.

The reasonableness of defendant's and the witness's refusal requires that this court determine the relevancy of the questions. Unfortunately on the state of the record, i.e., considering only that which existed at the time of the depositions, we have no basis for determining the issue. It is impossible to determine whether or not the questions asked were relevant to the subject matter of the action. A subsidiary question arises as to which of the parties, the deponent or the one seeking discovery, has the burden of establishing relevancy. Under rule 4011, he who asserts a violation of the limitations set forth therein has the burden of establishing same: Bealla v. Zuba, 4 D. & C. 2d 545. However, rule 4011's provisions are much narrower in scope than 4007's; that is to say that the limitations apply in spite of relevancy, and there must be a specific transgression of one of the limitations. In rule 4007 the standard is as broad as the concept of relevancy itself: Gregg v. Fisher, 377 Pa. 445.

Hence, when one objects under 4011 he concedes relevancy but must justify his objection on proof of a violation of a specific limitation. However, where the issue is relevancy, under rule 4007 it is logical to conclude that the moving party must provide a basis for determining the issue. This conclusion seems sound because the moving party is limited in his examination only by relevancy, unless he violates rule 4011. We do not agree with plaintiff that placing the burden on the moving party to establish relevancy will interfere with discovery to aid pleading preparation; the notice for the deposition could disclose sufficient information about the subject matter of the action to assist the court in its determination.

Provisions for protective orders as set forth in rule 4012 do not resolve the issue; this rule would place the

burden on him who is called; it would require protective action though such person is a party or is unfamiliar with the subject matter as such. The duty to provide the court with the information required must be placed upon the moving party.

The state of the record at the time of the depositions provides no foundation for determining the relevancy of the questions and therefore we are unable to reach a conclusion as to whether or not, at that time, the refusal was justified. The motion for sanctions must be dismissed.

However, we shall order defendant and Harry Dresnin to answer the questions because defendant's motion under rule 4009 has established the relevancy of the questions; defendant's motion and plaintiff's subsequent motion pose a question as to the relative good faith of both parties.

It can reasonably be concluded from the record that there existed an intention to obstruct and thwart, if possible, the salutary purposes of discovery. The record further reveals that a residual feeling exists to the effect that another arena for technical jousting has been provided in addition to those of the pleadings and the courtroom. Activity which discloses the existence of this concept of discovery should not be and can no longer be tolerated.

Plaintiff's motion includes a prayer for an order on defendant to produce certain documents. This can only be had upon motion under rule 4009. The prescribed procedures must be followed so that orderly processes may prevail; plaintiff's motion is out of order.

Plaintiffs have advanced no reasons for denying defendant's motion for inspection under rule 4009 and therefore defendant's motion will be granted.

### Order

And now, to wit, this February 20, 1957, defendants Harry Lipoff and Harry Dresnin are directed to

answer the questions set forth in paragraph 9 of plaintiff's petition; plaintiff's motion to require defendants to produce specified documents is denied; defendant's motion under rule 4009 in the language presented is granted.

The parties to bear their respective costs.